United States District Court
Southern District of Texas
**ENTERED**
June 27, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RANDALL DALE LONG, | § | |
| TDCJ # 00407062, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0046 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Randall Dale Long, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Long is proceeding *pro se* and has paid the $5.00 filing fee. Respondent has filed a motion for summary judgment (Dkt. 17) along with a copy of the state court records (Dkt. 18). Long filed a response (Dkt. 19). After considering the pleadings and filings, the applicable law, and all matters of record, the Court will **dismiss** the petition as time-barred under 28 U.S.C. § 2244(d) for the reasons explained below.

## I. BACKGROUND

In 1988, Long was sentenced to sixty years in TDCJ for a murder conviction in the 212th District Court for Galveston County, Case No. 88-CR-0975. *See* Dkt. 18-7, at 9-

10.[1] His habeas petition in this Court does not challenge his conviction.

On September 25, 2009, Long was released to mandatory supervision (Dkt. 17-2, at 2-4). Pre-revocation warrants issued against Long in 2011 and 2014, but the warrants were withdrawn and Long was released (*id.* at 7-10; Dkt. 18-5, at 22). In 2015, a third pre-revocation warrant issued (Dkt. 17-2, at 11-12; Dkt. 18-5, at 23). Long was arrested and subsequently convicted in the 253rd District Court of Liberty County for obstruction/retaliation and sentenced to 20 years in TDCJ (Dkt. 17-3, at 2; Dkt. 18-5, at 23). On July 24, 2015, the Board of Pardons and Paroles revoked his parole (Dkt. 17-2, at 13-14).

On September 29, 2017, Long executed a state application for habeas relief challenging the 2015 revocation (Dkt. 18-4, at 4-25). The Texas Court of Criminal Appeals denied the writ on January 3, 2018 without written order on the findings of the trial court (Dkt. 18-1).

Long executed the pending federal habeas petition on February 6, 2018, and it was docketed on February 16, 2018 (Dkt. 1). In the petition, Long seeks to challenge "time credits" related to his 1988 murder conviction that he accumulated before his 2015 revocation (*id.* at 2). He claims that (1) his incarceration violates the Ex Post Facto Clause because his "previously accrued good time for [his] sixty year sentence served prior to paroling in 2009" has not been properly credited under previously applicable statutes; (2) Texas' current statutes "retroactively create[] an Installment Sentence

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

Serving System" by forfeiting previously earned good time credits; (3) Texas Government Code § 508.283 is unconstitutional when applied to add "paroled flat-time to back-end of maximum expiration date," which in Long's case allegedly caused forfeiture of six years of "street time" he had accrued on parole; (4) TDCJ policy forces inmates to sign parole certificates, which include a provision regarding forfeiture of previously-accrued good time, under duress on the inmates' release dates; (5) Long has a liberty interest in "38 years previously accrued good time earned when serving 60 year sentence between 1985 to 2009" (*id.* at 6-8). Long has filed a supporting memorandum (Dkt. 2).

Respondent seeks summary judgment and argues that all of Long's claims are barred by the statute of limitations. Respondent also argues that his claims are partially unexhausted and that they fail on the merits. Long's response does not address either limitations or exhaustion of remedies.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

Because Long filed this habeas petition after the April 24, 1996 effective date for the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), his federal habeas petition is subject to the AEDPA's one-year limitations period. The limitations period runs from the "latest of" four accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In this case, Long complains that he improperly lost time credits upon his revocation. Long could have discovered the "factual predicate" for this claim on July 24, 2015, when his parole was revoked. *See* 28 U.S.C. § 2244(d)(1)(D). The one-year limitations period thus ran from July 24, 2015 and ended on Monday, July 24, 2016. Long's petition in this Court, filed on February 6, 2018, is over 18 months late and time-barred unless a statutory or equitable exception applies.

Long's petition, memorandum, and response do not address the application of the limitations period to his case.[2] Statutory tolling under § 2244(d)(2) does not render his petition timely because his state habeas application was executed on September 29, 2017, after the AEDPA limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Long asserts neither a state-created "impediment" to filing for habeas relief nor a constitutional right "newly

2 In the section of the form petition regarding limitations, when asked to explain why the petition is not time-barred, Long wrote only, "In compliance with 28 U.S.C. 2244(d)" (Dkt. 1, at 10). *See also* Dkt. 2, at 3.

recognized . . . and made retroactively available" by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(B) & (C).

Long does not argue that he is entitled to equitable tolling. Because Long identifies no facts supporting his habeas claims that were not known to him before the limitations period expired, has not shown due diligence in bringing his claims, and does not identify any "extraordinary circumstance" that prevented him from timely filing, equitable tolling is not warranted. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005); *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010).

Finally, Long does not assert actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a defendant who demonstrates "actual innocence" of his crime of conviction may be excused for failing to comply with the one-year statute of limitations on federal habeas corpus review).

Accordingly, the petition must be dismissed as untimely filed.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which

requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Dkt. 17) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED with prejudice** as time-barred.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 27th day of June, 2019.

George C. Hanks Jr.
United States District Judge